In the Matter of the CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, et al., Respondents.

Third Department, February 12, 1968.

*DeGraff, Foy, Conway & Holt-Harris (John T. DeGraff, John Carter Rice* and *Seth Towse* of counsel), for appellant.

*Jerome Lefkowitz* for Public Employment Relations Board, respondent.

*Julius Topol* for District Council 50, American Federation of State, County and Municipal Employees, AFL-CIO, respondent.

*Corcoran & Brady* (*Robert D. Brady* of counsel), for Local 30-D International Union of Operating Engineers, respondent.

*John R. Harold* for Local 223, Industrial Safety Inspectors, respondent.

*Louis S. Zappulla* for the Safety Officers' Benevolent Association, Inc., respondent.

*Robert H. Jones, III* (*George W. Harder* of counsel), for New York State Nurses' Association, respondent.

STALEY, JR., J. This is an appeal from a judgment of the Supreme Court at Special Term, entered December 26, 1967 in Albany County dismissing a petition under article 78 of the CPLR to vacate an order issued by the Public Employment Relations Board.

Article 14 of the Civil Service Law, enacted by chapter 392 of the Laws of 1967, granted public employees the right to organize or join employee organizations and to be represented by such organizations in collective negotiations with their employers. State and local governments were empowered to recognize employee organizations, and required to negotiate with those employee organizations which had been recognized or certified as representing their employees. A Public Employment Relations Board was created to assist in resolving disputes between public employers and employees.

Following the enactment of this statute, the Governor appointed a State Negotiating Committee to represent the State of New York as employer. On November 15, 1967, in response to demands for recognition made by appellant Civil Service Employees Association (hereinafter referred to as the CSEA) and respondent employee organizations, the State Negotiating Committee determined that it would negotiate collectively with three units of State employees:

1. Professional employees of the State University;

2. Members of the State Police;

3. A general unit including all other State employees except members of the militia and those deemed to be management.

The CSEA was recognized to negotiate on behalf of employees of the general unit for a one-year period.

198

Pursuant to procedures established by the Public Employment Relations Board (hereinafter referred to as the board) in accordance with the statute (Civil Service Law, § 205, subd. 5, par. [a]; 4 NYCRR 201.1–201.7) six competitive employee organizations, respondents herein, filed petitions with the board contesting the appropriateness of the negotiating units designated by the State Negotiating Committee and objecting to the recognition of the CSEA as representative for employees in the general unit. In such petitions and by separate motion, the competing employee organizations sought an order directing the State Negotiating Committee to cease and desist from negotiating with the CSEA.

After arguments were presented before a designated hearing officer, the board, on November 30, 1967, ordered the State Negotiating Committee, pending resolution of the dispute concerning representation status within the general unit, to (1) refrain from negotiating with the CSEA on an exclusive basis; and (2) remain neutral in its treatment of employee organizations seeking to represent employees within such negotiating unit.

In the petition initiating this special proceeding, the CSEA alleged that the board exceeded its statutory powers in issuing the order of November 30. The board's answer denied such allegation, and asserted as an affirmative defense, that the CSEA, not having been accorded exclusive recognition, was not an aggrieved party and is, therefore, without standing to maintain this proceeding. In dismissing the petition on the merits, Special Term necessarily found that CSEA had demonstrated that it was adversely affected by the board's order, and we concur in that finding. The recognition of the CSEA as representative of employees in the general unit, even if it was not as the exclusive representative, did confer the sole right of representation until other employee organizations were recognized by the employer or certified by the board. The order of the board effectively deprived the CSEA of its *de facto* status as the exclusive negotiating representative for employees in the general unit. The prompt action taken by competing employee organizations to terminate this status demonstrates its substantial value to the recipient.

The appellant contends that there is no authority for the board to grant the provisional remedy of a preliminary injunction as provided by its order of restraint against the State Negotiating Committee. All parties concede that, under the statute, the State, as employer, was empowered to select an appropriate unit for collective negotiations, and to recognize

an emloyee organization to represent the employees within that unit. The statute and rules of procedure also provide for the resolution of a dispute where a competing employee organization contests the recognition of an employee organization by the public employer. (Civil Service Law, §§ 205, 207; 4 NYCRR 201.1–201.7.)

The facts in this case render unnecessary any attempt on our part to chart the procedural course of this newly organized arm of government. The question seems not the right of the board to make and enforce reasonable and necessary directions with respect to cases upon its trial or hearing calendar but one treated by all the parties to the appeal as involving injunctive relief in the traditional sense. Accepting this basis, there seems to us no sufficient showing of such fundamental prerequisites as threatened unlawful action or great and irreparable damage. Whether, when there arises a case presenting these critical factors, the board may look only to the courts for implementation of its determination (see Civil Service Law, § 210, subd. 4, par. [b]) need not now be decided inasmuch as this order was, in any event, unnecessarily and thus improvidently issued. First, it requires the State Negotiating Committee " to refrain from negotiating with [petitioner] on an exclusive basis "; but there is no indication whatsoever that such exclusivity was threatened or intended. Second, the order directed the Committee to be " neutral " in its treatment of employee organizations seeking certification by the board; but, to the extent that this vague provision is meaningful, if at all,* there has been no showing of any present unfairness or the likelihood of any in future.

The judgment should be reversed, on the law and the facts, and the petition granted, with costs to appellant.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Judgment reversed, on the law and the facts, and petition granted, with costs to appellant.

---

* Cf. *Labor Bd.* v. *Express Pub. Co.* (312 U. S. 426, 433, requiring " reasonable specificity ").